2024 JAN 25 AM 11:06

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| 61 PARK LLC; (Brookline Housing Authority) Plaintiff, <br><br> V. <br><br> GREGORY LANGADINOS <br> Defendant, | ) CASE NO:............................ <br> ) <br> ) **NOTICE OF REMOVAL OF HOUSING** <br> ) **COURT ACTION; (Eastern Housing Court)** <br> ) **UNDER 28 U.S.C. § 1441(a)** <br> ) **FEDERAL QUESTION** <br> ) <br> ) DEFENDANT'S **REQUEST FOR TRIAL BY JURY PL** <br> **Fed.R.Civ.P. R. 38 and Seventh Amendment**[1] |

## DEFENDANT'S SHORT AND PLAIN STATEMENT OF THE GROUNDS FOR REMOVAL TOGETHER WITH A COPY OF ALL PROCESS, PLEADINGS, AND ORDERS SERVED UPON DEFENDANT" 28 U.S.C. § 1446(a)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

1. **PLEASE TAKE NOTICE** that defendant, Gregory Langadinos though his Attorney; (James E. Neyman, ESQ.)[2] hereby moves that this Honorable U.S. District Court for

---

[1] On the face of this Notice of Removal the Defendant, through counsel, hereby expressly requests and preserves a Trial by Jury. As such all parties are subject to trial by jury. See <u>Gargiolo v. Delsole</u>, 768 9 F. 2d 77, 79, (2nd Cir 1985).

[2] Plaintiff hereby directs this Honorable U.S. District Court to STATE COURT RECORD, incorporated herein and directs this Court to the Exhibits 1-21 therein consisting of pleadings filed by plaintiff 61 Park LLC, as well as plaintiff's counsel, Jonathan Driscoll, none of which were ever served upon the defendant, as expressly found by State Court in its Order of January 12, 2024, (attached herein as Exhibit "20."). Knowing that defendant was residing in California, and unable to get his mail because of Do not Contact, and No Trespass Notice served on defendant, which prejudiced the defendant and thwarted his ability to receive his mail, and all court pleadings, the 30 day clock to remove this action begins 30 days from Thursday January 18, 2024, when plaintiff's counsel picked up State Court record and plaintiff and counsel read and reviewed the Complaint. In addition, the plaintiffs filed discovery requests upon defendants and letters filed by plaintiff's counsel with the State Court that specifically raise federal questions and Preempt State Court eviction case specifically citing and stating, **"in accordance with HUD guidance, 'reasonable accommodations is a change, exception, and adjustment to a rule, policy or service" "for a qualified handicapped individual to have equal opportunity to use and enjoy a dwelling." <u>See Exhibit "17" July 19, 2023, letter of plaintiff's counsel pages 1-3.</u>**

1

**the District of Massachusetts Boston, remove the State Court action described below pending in the Eastern Housing Court** for the City of Boston, County of Suffolk, MA entitled, 61 Park LLC (Plaintiff); v. Gregory Langadinos; (Defendant); as case number **22H84SP004606.**

### STATEMENT OF GROUNDS FOR REMOVAL

1. In the instant case before the Eastern Housing Court, the defendant alleges that he was never properly served with SERVICE OF PROCESS, PLEADINGS, AND ORDERS AND /OR DEFAULT, the SUMMARY PROCESS COMPLAINT, or any filing, pleadings, or papers whatsoever by the plaintiff's counsel, and the defendant first become aware of the plaintiff's actual Complaint, Notice to Quit, Discovery requests invoking federal law, until on or about Thursday January 18, 2024, when the State Court (Eastern Housing Court Matter) record was obtained in person by plaintiff's counsel, James Neyman.

2. Gregory Langadinos is the defendant in the civil action captioned 61 Park LLC (Plaintiff); v. Gregory Langadinos; (Defendant); designated case number **22H84SP004606** pending in the Eastern Housing Court; (the State Court); County of Suffolk, MA.

3. On December 21, 2022, the plaintiff, 61 Park LLC, filed a summary process eviction action involving the tenancy between plaintiff and Brookline Housing Authority, governed by the United States Housing and Urban Development (HUD), and Section 8 Voucher was which was commenced in the Boston Municipal Court's Eastern Housing Court in and for the City of Boston, Massachusetts, County of Suffolk entitled 61 Park LLC (Plaintiff); v. Gregory Langadinos; (Defendant); case number **22H84SP004606.**

4. On Thursday January 4, 2024, at 2:00 PM, the pro se defendant, Langdinos, appeared by Zoom from his apartment in Redondo Beach, California, where defendant is temporarily residing because he has been diagnosed with serious medical conditions such as Prostate Cancer, Thyroid Eye disease, and other medical ailments.

5. Defendant on a pro se basis filed numerous Motion to Stay Execution sought by plaintiff in an improper manner, and also to Stay Levy of Execution, and to vacate Judgment by default, and to vacate default, Affidavit of caretaker, containing medical records of prostate cancer. See **Exhibits "15" and "16" within pages 42--122.**

6. The State Court on Friday January 12th 2024, found in favor of defendant, and found that plaintiff's Attorney in essence from defendant's perspective engaged in manipulative tactics in filing a Summary Process eviction case against defendant, and failing to properly serve defendant with the Notice to Quit, Complaint, Return of Service, Discovery requests while knowing full well that that defendant was residing in California. **See State Court record Exhibit "20" and pages 132-133.**

7. After lengthy hearing in which defendant was Pro Set, via Zoom hearing from California, (Justice Kelleher); on or about January 12th (this month), found in favor of defendant which respect to all the relief requested below based on all of the following Motions as well as defendant's own accompanying Sworn Affidavit, Affidavit of Caretaker setting forth the facts and circumstances (including the nature of his defense on the merits), upon which defendant rests his motion. See State Court record **Exhibits "15" and "16"** within pages **within pages 42—122** .

8. The federal statute 28 U.S.C. § 1446 expressly provides two thirty-day **windows** for **removal of the case at bar** post ruling. First, a defendant may **remove the case at bar** within thirty

days of the defendant receiving the complaint. See 28 U.S.C. § 1446(b)(1). Here, **removal** is proper and can be satisfactorily accomplished completed during the first thirty-day **window** since plaintiff first received notice of defendant's complaint. Defendant files the herein notice of **removal** on January 23, 2024, approximately a week or so after defendant finally received and read plaintiff's complaint. The Court expressly found that plaintiff's counsel's improper failure to properly serve defendant with any of the pleadings he filed with the Eastern Housing Court, warranted the Court to justifiably vacate default judgment. **See Order of Friday January 12, 2024, attached as Exhibit "20" herein; at pages 132-133.**

9. If the **case** stated by the initial pleading is not **removable**," a defendant may also seek to **remove** it within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the **case** is one which is or has become **removable**." 28 U.S.C. § 1446(b)(3), **which clearly exists in this matter.**

10. When a case is removed to Federal court, the jurisdiction of the State court "absolutely cease(s)," and that of the Federal court "immediately attache(s)." Steamship Co., supra. See Garden Homes, Inc. v. District Court of Somerville, 336 Mass. 432, 435, 146 N.E.2d 372 (1957). See 28 U.S.C. S 1446(d) (State court "shall proceed no further" with case after procedural requirements for removal have been satisfied).

11. Venue is proper in this district under 28 U.S.C. § 1441(a) because this District embraces the place where the action is pending.

12. This Notice of Removal is timely filed, as it is filed within thirty days of service of the Summons and Verified Complaint upon Cochran. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant... of a copy of the initial pleading ....").

4

13. In accordance with 28 U.S.C. § 1446(d), Langadinos certifies that a Notice of Filing of Notice of Removal will be sent through his counsel promptly to plaintiff, 61 Park LLC through to its counsel of record. Jonathan Driscoll via e-filing this motion and/or email.

14. Included with this Notice of Removal is the filing fee of $405, as required by 28 U.S.C. § 1914 and Local Rules.

15. Pursuant to Local Rules 5.4(F) and 81.1(a), within 28 days from the filing of this Notice of Removal, if required, Langadinos will file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

16. Langadinos reserves the right to amend or supplement this Notice. Langadinos has requested a trial by Jury under Fed.R.Civ.P. 38, and the Seventh Amendment to the U.S. Constitution. See caption on first page.

17. Langadinos reserves the right to raise all counterclaims, defenses, and affirmative defenses.

18. Defendant Langadinos, in the underlying housing matter, as the party seeking to **remove a case** to **federal court**, has satisfied his burden of demonstrating the existence of federal jurisdiction, based on "other papers" and discovery filed by plaintiff themselves NOT, through argument made within this Notice of Removal. **See Exhibit "6 pages 19-20; and Exhibit "17" pages 124-125, , 126,**

19. See also BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997); In re Whatley, 396 F.Supp.2d 50, 53 (D. Mass. 2005).

5

20. The procedure for **removal** is governed by **28 U.S.C. § 1446**. The statute provides that a defendant desiring to **remove** any action from state court "shall file in the district court of the United States for the district and division within which such action is pending a notice of **removal**" that contains "a short and plain statement of the grounds for **removal**, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." **28 U.S.C. § 1446(a)**.

21. Defendant through counsel respectfully requests that this Honorable U.S. District Court for the District of Massachusetts apply and adopt the Ninth Circuit Court of Appeals' decisions which allowed **removal** outside the two thirty-day periods prescribed by 28 U.S.C. § 1446 for certain reasons. See *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (**9th Cir.**2013). Recently, the **Ninth Circuit** explained that a change of law rendering **removing** a previously non-**removable case** may trigger an additional thirty-day **window** during which the defendant may seek to **remove**. See *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (**9th Cir.**2014) (per curiam).

22. **Defe**ndant in filing this instant Notice of **Removal** requests that this Court apply the decision of the **Ninth Circuit** issued its decision in *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (**9th Cir.**2014) (en banc). As this Court has previously held, that **case** represented an intervening change in law, reversing the preexisting precedent of *Corber v. Xanodyne Pharm., Inc.*, 540 F. App'x 650 (**9th Cir.**2013) and *Romo v. Teva Pharm. USA, Inc.*, 731 F.3d 918 (**9th Cir.**2013). Accordingly, this Defendant Langadinos timely **removed** within thirty days following the receipt of the State Court record below provided to him by his counsel on or about Thursday January 22, 2024.

23. The Ninth Circuit has held that "if the **case** stated by the initial pleading is not **removable**," a defendant may **remove** within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the **case** is one which is or has become **removable**." 28 U.S.C. § 1446(b)(3).

24. SUMMARY PROCESS EVICTION CASE BECAME ELIGIBLE FOR REMOVAL BECAUSE PLAINTIFF'S REQUEST FOR ADMISSIONS INVOKED FEDERAL HOUSING AND URBAN DEVELOPMENT "Pre-termination conference" [question 5 and 6); and [questions 19 20, and 21, 22], "mentioning federally governed ADA "reasonable accommodations" which is preempted by Federal HUD Guidelines, **[See State Court record Exhibit "6"** ; **Plaintiff's Requests for Admissions" Questions 5. 6. 19 and 23. See Exhibit "6 pages 19-20; and Exhibit "17" pages 124-125, , 126.**

25. See Boston Housing Authority v. Garcia, 449 Mass. 727 (2007); and see **Exhibit "17"** plaintiff'**[See Exhibit "6 pages 19-20; and Exhibit "17" pages 124-125, 126] plaintiff's** counsel filed in Eastern Housing Court a letter dated July 19, 2023, which raises, and/or expressly mentions, **"HUD guidance"** on **"reasonable accommodation" and this letter constitutes other paper,** which the Ninth Circuit has held that "if the **case** started by the initial pleading is not **removable**," a defendant may **remove** within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the **case** is one which is or has become **removable**." 28 U.S.C. § 1446(b)(3).

26. On the top right hand corner of both plaintiff's counsel's Request for admissions, **Exhibit "6"** and plaintiff's counsel's letter dated July 19, 2023, and attached within **Exhibit""17"** the top right corner of each page evidences that these two documents, are date stamped by the State Housing Court. See State Court record, Exhibit "6" Request for Admissions **[DATED FILE**

7

03/13/2023 1;13 PM HOUSING-Eastern Boston Docket Number 22H84SP004606; and see **State Court Record Exhibit "17"** DATED FILE 01/04/2024 11:23 AM HOUSING-Eastern Boston Docket Number 22H84SP004606. See pages 19 and 20, and 123-124, 125, 126, **all of which constitute** other paper from which it may first be ascertained that the **case is one which is or has become removable**." 28 U.S.C. § 1446(b)(3). See also *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (**9th Cir**.2014) (en banc) and *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (**9th Cir**.2013), and *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (**9th Cir**.2014) (per curiam).

27. Both of these "other documents" mentioned in above paragraph 25., clearly and unequivocally allow **removal** outside the two thirty-day periods prescribed by 28 U.S.C. § 1446 for certain reasons. See *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (**9th Cir**.2013). a previously non-**removable case** may trigger an additional thirty-day **window** during which the defendant may **remove**. See *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (**9th Cir**.2014) (per curiam).

28. Here, defendant Langadinos' petition for **removal** indicates that he seeks to proceed under Federal Question Jurisdiction **28 U.S.C. § 1441(b) which** provides, in relevant part, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be **removed** by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending". **28 U.S.C. § 1441(a)**

29. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

8

be **removed** by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending in the Housing Court in Suffolk County, where this U.S. District Court is also located.

30. Here, defendant Langadinos seeks to **remove a summary process** action from state court by establishing the existence of federal question subject matter jurisdiction by simply referring and directing this Honorable Federal Court to the papers, and requests for discovery that plaintiff's counsel Attorney Jonathan Driscoll prepared and filed and asserted himself as part of the State Court pleadings, that plaintiff's own counsel argued defendant violated a Federal HUD Guideline(s), and HUD pre termination hearings. See State Court **record Exhibits "6" pages 19-20** [Plaintiff's Request for Admissions **questions, 5., 6., 19, 20, 21, 22, and 23**], and see also **Exhibit "17" and Exhibit "17" pages 124-125,** at pages "HUD guidance" BHA accepts you are considered a qualified handicapped individual subject to reasonable accommodation protections namely the right to request reasonable accommodations."

31. Defendant further relies upon Supreme Judicial Court's decision in BOSTON HOUSING AUTHORITY v. Doris GARCIA. SJC-09753, argued March 5, 2007 and decided Aug. 17, 2007; 449 Mass. 727; Supreme Judicial Court of Massachusetts, Suffolk, to establish that the summary process eviction case purposely fraudulently filed by plaintiff under its partner corporation known as 61 Park LLC, was done to purposely circumvent the defendant of his rights under 42 U.S.C. § 1437(a)(4) (2000), which preempts the eviction case pending before the Eastern Housing Court because as held in Garcia;

32. "BOSTON HOUSING AUTHORITY v. Doris GARCIA. SJC-09753 Argued March 5, 2007.Decided Aug. 17, 2007; 449 Mass. 727; further held, "**It is the stated public housing policy of the United States is to "promote the goal of providing decent and affordable**

**housing for all citizens through the efforts and encouragement of Federal, State, and local governments, and by the independent and collective actions of private citizens, organizations, and the private sector."** 42 U.S.C. § 1437(a)(4) (2000). See *Rucker, supra* at 134, 122 S.Ct. 1230, quoting 42 U.S.C. § 11901(1) (1994). Specifically, Congress (through 42 U.S.C. § 1437d [l][6]), and HUD (through its implementing regulations) have required that housing authorities use clauses in their leases that permit the termination of a tenant's lease."

33. Yet the plaintiff's maliciously filed suit under a private subsidiary corporation named 61 Park LLC, not the true plaintiff, Brookline Housing Authority Inc., with the intent to deprive defendant of his federally protected rights to pretermination hearings under HUD Federal statutes, and regulations and guidelines.

34. "In this context, the "special circumstances" defense of Spence v. *Gormley*, 387 Mass. 258 (1982); permitted a judge to override the use of that discretion, based on the judge's evaluation of evidence presented on the issue of a tenant's knowledge or control, would run afoul of, and substantially interfere with the congressional objective. <u>It is therefore preempted</u>. If it were not, a judge could permit a tenant to demonstrate that she was an "innocent tenant" and consequently determine that eviction was not appropriate. "

35. As such, under <u>Spence v. *Gormley*</u>, 387 Mass. 258 (1982); this defendant tenant had no knowledge or control, over the eviction lawsuit filed without his knowledge, and this runs afoul of, and substantially interfered with the congressional objective and right to due process, and the eviction case pending in the Eastern Housing Court <u>is also preempted.</u>

36. See also *Rucker, supra* at 134, 122 S.Ct. 1230. Cf. *Scarborough v. Winn Residential L.L.P./Atl. Terrace Apartments,* 890 A.2d 249, 256–258 (D.C.2006) (District of Columbia

10

housing statute permitting public housing tenant opportunity to "cure" breach of lease before eviction is preempted by 42 U.S.C. § 1437f[d][1][B][iii] ).

37. HUD policies encourages local housing authorities to engage in the individualized consideration of the circumstances of each case to ensure "humane results," particularly "when a tenant has taken all reasonable steps to prevent the criminal activity," with eviction being "the last option explored, after all others have been exhausted." See 42 U.S.C. § 1437f[d][1][B][iii] In light the "special circumstances" defense otherwise available to public housing tenants such as defendant Langadinos, under Massachusetts law the eviction case is preempted, and Removal is permitted to uphold the importance of this federal line of cases and policy. See Before commencing an action to evict, a housing authority should consider the circumstances presented by a tenant, or otherwise known to the housing authority, including the extent of the tenant's knowledge, or lack thereof, of the illegal drug activity and the tenant's ability to control or prevent the activity. Cf. *Wojcik v. Lynn Hous. Auth.*, 66 Mass.App.Ct. 103, 112, 845 N.E.2d 1160 (2006) (under Section 8 regulations, decision to terminate benefits because of family member's conduct must involve opportunity for tenant to present evidence of circumstances "that might move the decision maker to impose a penalty less severe than termination").

38. Defendant further relies upon Supreme Judicial Court's decision in BOSTON HOUSING AUTHORITY v. Doris GARCIA. SJC-09753 Argued March 5, 2007.Decided Aug. 17, 2007; 449 Mass. 727; Supreme Judicial Court of Massachusetts, Suffolk, to point out that it was held that "Massachusetts law still requires "cause" before a public housing tenancy may be terminated, and a housing authority's decision to terminate a tenant's lease is not beyond challenge in the Housing Court, based on the claim that the decision was made "without cause"

under § 32, or otherwise constituted an unlawful abuse of discretion (because, for example, it was unsupported by sufficient facts or carried out in violation of due process).[15]

39. Defendant further relies upon 42 U.S.C. § 1437d(*l*) (specifying requirements for leases used by public housing agencies); HUD's policy regarding the exercise of discretion in these circumstances counsels the consideration of alternatives to termination and individualized consideration in light of all of the relevant circumstances. "In particular, when a tenant has taken all reasonable steps to prevent criminal activity, eviction may not always be warranted or proper. To ensure both humane results and success in court, [public housing authorities] should undertake a case-by-case analysis before proceeding with eviction. If they do seek eviction, [public housing authorities] should be prepared to persuade a court that eviction is justified." *Rucker v. Davis,* 203 F.3d 627, 639–640 (9th Cir.2000), rev'd, 535 U.S. 125, 122 S.Ct. 1230, 152 L.Ed.2d 258 (2002), quoting United States Department of Housing and Urban Development, "One Strike and You're Out:" Policy in Public Housing 7–8 (1996).

40. Additionally, in the months following the Supreme Court's decision in *Rucker,* HUD officials addressed (in writing) public housing directors and an April 16, 2002, letter of the Secretary of HUD referred to eviction as a tool that should be applied responsibly, as "the last option explored, after all others have been exhausted." In a June 6, 2002, letter, an assistant secretary stressed that the *Rucker* Court left the decision to evict tenants for drug-related criminal activity squarely within the discretion of public housing authorities, who should consider, as appropriate, any number of factors in making eviction determinations such as "the seriousness of the violation, the effect that eviction of the entire household would have on household members not involved in the criminal activity, and the willingness of the head of household to remove the wrongdoing household member from the lease as a condition for continued occupancy." These

letters indicate that HUD did not interpret the Court's decision in *Rucker* to mean that public housing authorities could not consider whether a resident had any involvement, knowledge of, or ability to foresee the drug-related conduct. Rather, the letters emphasized the importance of considering "the interests of individuals who share a household with the wrongdoer, but were otherwise unconnected with the wrongdoing," and the use of compassion and common sense in making eviction determinations.

39. Defendant' further argues that like Garcia's argument his due process right to "present any affirmative legal or equitable defense" available to him under, 24 C.F.R. § 966.53(c)(3) (2006), preempts the State law eviction case, that plaintiff's counsel maliciously brought by naming the plaintiff to be ["61 Park LLC"]; by concealing the Federally funded Brookline Housing Authority as the true named plaintiff, to prevent defendant from being able to present an innocent tenant defense and this defense preempts Massachusetts State eviction statutes warrants and constitutes further reasons that this Court should grant this defendant's Notice of Removal.

40. Lastly, defendant through counsel raises the Federal Violence against women's act, as a further basis for federal questions jurisdiction, based on SJC case Boston Housing Authority v. Y.A., 482 Mass. 240 (2019), which clarifies VAWA defenses in Eviction cases, that can be raised for the first time on appeal, under Massachusetts State law., even if ordinarily defendant cannot raise VAWA under federal law, Massachusetts has interpreted its State laws to permit raising VAWA for the first time. The SJC's decision confirmed that a tenant in federally financed housing can raise a VAWA defense for the first time in responses to a landlord's claim of a violation of an agreement for judgement, which plaintiff's counsel threatened defendant in a letter on his own letterhead, that defendant must not decline to accept Section 8 Voucher or else plaintiff will evict him, as plaintiff attempted to do in the State case below. **See pages 124, 125,**

126, and 127, and page 66, <u>Boston Housing Authority v. Y.A.</u>, 482 Mass. 240 (2019), and plaintiff's letter threatening defendant with an ultimatum if he declines the forced accommodation of accepting a mobile voucher.

> WHEREFORE, defendant Langadinos, respectfully requests that this case be removed from the State Eastern Housing Court to the United State District Court for the District of Massachusetts because as demonstrated above this case satisfies the requirements for preemption and removal based on plaintiff's own invocation of federal law, which regulates [Pre-termination hearing prior to termination of lease within a federally funded Public Housing Authority, [See Exhibit "17"], and see [Exhibit "6"]; whereby plaintiff's own counsel provided "other paper" which constitutes and raises federal questions jurisdiction, by stating BHA "conducted interactive dialogue" "waiver" of lease residency requirements, "HUD Guidance" on "reasonable accommodation, "Section 8 Mobile Voucher." *The Defendant Respectfully Requests a Hearing if deemed necessary by the Court.*

Date: January 24, 2024

Respectfully Submitted,

/s/ James E. Neyman, Esq. (555229)
Attorney for Plaintiff Gregory Langadinos
James E. Neyman & Assoc. P.C.
76 Canal Street, 3rd fl.
Boston, MA 02114
617.723.2627
james@neymanandassociates.com

14

Attorneys for Plaintiff Gregory Langadinos
James E. Neyman
Law Offices of James E. Neyman
76 Canal Street
Suite 302
Boston, MA 02114

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| 61 PARK LLC;<br>(Brookline Housing Authority)<br>Plaintiff,<br>V.<br><br>GREGORY LANGADINOS<br>Defendant, | ) CASE NO:………………………<br>)<br>) NOTICE TO ADVERSE PARTY<br>) OF REMOVAL UNDER 28 U.S.C. § 1441(a)<br>) FEDERAL QUESTION<br>)<br>) |

**REQUEST FOR TRIAL BY JURY PURSUANT TO**
**Fed.R.Civ.P. R. 38 and Seventh Amendment**

STATE COURT RECORD FILED BY PLAINITFF THAT CONSISTS OF "OTHER PAPERS" INCLUDING DISCOVERY REQUESTS, AND PAPERS FROM PLAINTIFF S COUNSEL'S LAW FIRM THAT CONTAIN FEDERAL SUBJECT MATTER JURISDICTION

DATED    Tuesday January 23, 2024.

/s/ James E. Neyman

Attorneys for Plaintiff Gregory Langadinos
James E. Neyman
Law Offices of James E. Neyman
76 Canal Street
Suite 302
Boston, MA 02114